COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

November 20, 2014

*Via Lexis-Nexis*

John A. Sergovic, Jr., Esquire
Sergovic Carmean & Weidman, P.A.
142 East Market Street
PO Box 751
Georgetown, DE 19947

John F. Brady, Esquire
Law Office of Gerry Gray
21133 Sterling Ave. Unit 12
PO Box 549
Georgetown, DE 19947

RE:     Leonard Mathias, Sr. and Susan J. Mathias v. Angola Neck Park
          Property Owners Association, Inc.
          C.A. No. 9124-MA

Dear Counsel:

Pending before me are exceptions to my draft report filed by Plaintiffs

Leonard Mathias, Sr. and Susan J. Mathias.  In my draft report, I recommended

that the Court grant registered agent Judy Mangini's motion to quash service of

process and, if Plaintiffs wished to proceed with their pending complaint seeking

title by adverse possession over a portion of a paper cul-de-sace adjacent to their

lot in Angola Neck Park, they would have to file a petition to appoint a receiver or

trustee (hereinafter simply "receiver") for the Defendant Angola Neck Park

Property Owners Association, Inc. (the "Corporation"), which became a void

corporation by order of the Delaware Secretary of State on October 1, 2010. For the reasons that follow, I recommend dismissal of the Plaintiffs' exceptions.

On November 27, 2013, Plaintiffs filed a complaint against the Corporation for declaratory relief in the form of an order establishing Plaintiffs' title by adverse possession over a portion of a paper cul-de-sac adjacent to Lot 92 in Angola Neck Park. The summons and complaint were served on Mangini, the Corporation's registered agent, on December 4, 2013. On January 15, 2014, counsel for Mangini entered an appearance for the limited purpose of filing a motion to quash, which alleged that the Corporation had become a void corporation by order of the Delaware Secretary of State on October 1, 2010, after the residential community failed to continue the operation of its homeowners association. Mangini suggested that the complaint should be served instead upon the individual homeowners in Angola Neck Park.

Desirous of avoiding the "inefficiency" and difficulty of naming and serving each individual homeowner as a defendant and of reviving the Corporation, Plaintiffs responded to the motion by proposing that this Court order the Corporation to continue in existence for the purpose of defending the instant action. However, citing *In re Krafft-Murphy Co., Inc.,* 82 A.3d 696, 710 (Del. 2013), I found that the three year winding-up period of 8 *Del. C.* § 278 had expired by the time Plaintiffs filed their complaint on November 27, 2013. Upon the

expiration of the winding up period, the homeowners association had ceased to exist as a "body corporate" and had lost its authority to manage its unfinished business. Therefore, I recommended that Mangini's motion to quash be granted, and that Plaintiffs should file a petition for the appointment of a receiver because the only way the Corporation could be re-empowered to defend its interests was through the appointment of a receiver under 8 *Del. C.* § 279.

Plaintiffs do not take exception to my recommendation that the Court grant Mangini's motion to quash. Instead, they take exception to what they term my "rationale" that Plaintiffs can petition for the appointment of a receiver when service has not been perfected on a defunct corporation. Instead, citing *In re Krafft-Murphy Co., Inc.,* 2011 WL 5420808, at *3 (Del. Ch. Nov. 9, 2011), Plaintiffs argue that there appears no method of perfecting service on the Corporation other than under Court of Chancery Rule 4(d)(7).[1] Therefore, Plaintiffs request that I fashion a mode of service under Rule 4(d)(7), so that service may be perfected on the Corporation through a receiver for it under 8 *Del. C.* § 279, in lieu of requiring Plaintiffs to file a separate petition to appoint a receiver.

---

[1] Court of Chancery Rule 4(d)(7) provides: "An order directing another or an additional mode of service of a summons in a special case may be made by the Court."

I decline to accept Plaintiffs' suggestion that I appoint *sua sponte* a receiver for the Corporation. Instead, I recommend that, upon Plaintiffs' filing a petition for the appointment of a receiver, service of process may be perfected on the Corporation by publishing notice of the original complaint and the petition once a week for three consecutive weeks in the Delaware State News and by mailing (first class mail) the same notice to each property owner in Angola Neck Park and to legal counsel for the Sussex County Council. Therefore, I adopt my draft report, as modified herein, as my Final Report. A proposed form of Notice shall be submitted to me for approval no later than 14 days after this Final Report becomes a final order of the Court.

The parties are referred to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Sincerely,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz